**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Keith Hebert**, | No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Micana's Pizza, Inc.**, an Arizona Corporation, and **Michael Sardella and Analynn Sardella**, a Married Couple, | |
| Defendant. | |

Plaintiff, Keith Hebert ("Plaintiff"), sues the Defendants, Micana's Pizza, Inc., and Michael Sardella and Analynn Sardella (collectively, "Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S."); and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

6. At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

7. At all material times, Defendant Micana's Pizza, Inc. was a corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant Micana's Pizza, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

8. Defendant Micana's Pizza, Inc. is an Arizona corporation, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

9. Under the FLSA, Micana's Pizza, Inc. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Micana's Pizza, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Micana's Pizza, Inc. is subject to liability under the FLSA.

10. Defendant Michael Sardella and Analynn Sardella are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Michael

Sardella and Analynn Sardella are owners of Micana's Pizza, Inc., and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

11. Under the FLSA, Defendants Michael Sardella and Analynn Sardella are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Michael Sardella and Analynn Sardella are the owners of Micana's Pizza, Inc. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Michael Sardella and Analynn Sardella are subject to individual liability under the FLSA.

12. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

13. Defendants, and each of them, are sued in both their individual and corporate capacities.

14. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

15. At all relevant times, Plaintiff was an "employee" of Micana's Pizza, Inc. and Michael Sardella and Analynn Sardella as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

16. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants Micana's Pizza, Inc. and Michael Sardella and Analynn Sardella.

17. At all relevant times, Defendants Micana's Pizza, Inc. and Michael Sardella and Analynn Sardella were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

18. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants Micana's Pizza, Inc. and Michael Sardella and Analynn Sardella.

19. At all relevant times, Plaintiff was an "employee" of Defendants Micana's Pizza, Inc. and Michael Sardella and Analynn Sardella as defined by A.R.S. § 23-362.

20. At all relevant times, Defendants Micana's Pizza, Inc. and Michael Sardella and Analynn Sardella were and continue to be "employers" as defined by A.R.S. § 23-362.

21. Defendants Micana's Pizza, Inc. and Michael Sardella and Analynn Sardella individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

22. Plaintiff, in his work for Defendants Micana's Pizza, Inc. and Michael Sardella and Analynn Sardella, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

23. At all relevant times, Plaintiff, in his work for Defendants Micana's Pizza, Inc. and Michael Sardella and Analynn Sardella, was engaged in commerce or the production of goods for commerce.

-5-

24. At all relevant times, Plaintiff, in his work for Defendants Micana's Pizza, Inc. and Michael Sardella and Analynn Sardella, was engaged in interstate commerce.

25. Plaintiff, in his work for Defendants Micana's Pizza, Inc. and Michael Sardella and Analynn Sardella, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

26. Defendants owns and/or operates as Michana's Pizza, Inc., an enterprise located in Maricopa County, Arizona.

27. Plaintiff was hired by Defendants as a home performance technician and worked for Defendants between approximately August 2019 and December 2019.

28. Defendants, in their sole discretion, agreed to pay Plaintiff $11 per hour for all hours he worked.

29. Near the end of Plaintiff's employment with Defendants, Defendant Michael Sardella approached Plaintiff and informed him that they had inadvertently paid him $11.00 per hour when they had actually intended to pay Plaintiff at the applicable tip credit rate of $8.00 per hour.

30. Defendant Michael Sardella thereafter informed Plaintiff that Defendants would immediately reduce his pay to $8.00 hourly.

31. Defendant Michael Sardella also thereafter informed Plaintiff that Defendants would deduct amounts from his future paychecks to make up for their alleged inadvertent overpayment of $3.00 per hour.

-6-

32. Thereafter, Defendants did deduct amount from Plaintiff's future paychecks to make up for their alleged inadvertent overpayment of $3.00 per hour.

33. For the pay period of December 16, 2019 through December 29, 2019, Defendants deducted $200 from Plaintiff's paycheck to make up for their alleged inadvertent overpayment of $3.00 per hour.

34. For the pay period of December 30, 2019 through January 12, 2020, Defendants deducted $100 from Plaintiff's paycheck to make up for their alleged inadvertent overpayment of $3.00 per hour.

35. Plaintiff thereafter left his employment with Defendants.

36. As a result of Defendants' having willfully and improperly deducted amounts from Plaintiff's paycheck, Defendants failed to pay the applicable minimum wage to Plaintiff.

37. As a result of Defendants' having willfully and improperly deducted amounts from Plaintiff's paycheck, Defendants violated 29 U.S.C. § 206(a).

38. As a result of Defendants' having willfully and improperly deducted amounts from Plaintiff's paycheck, Defendants have violated the AMWA, A.R.S. § 23-363.

39. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

40. Defendant have and continue to violate the AMWA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

41. Defendant have and continue to violate the AWA by not paying Plaintiff wages owed for all hours worked during his regular workweeks.

42. Plaintiff is a covered employee within the meaning of the FLSA.

43. Plaintiff is a covered employee within the meaning of the AMWA.

44. Plaintiff is a covered employee within the meaning of the AWA.

45. Plaintiff was a non-exempt employee.

46. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

47. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

48. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

49. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51. Defendants willfully and improperly deducted amounts from Plaintiff's paycheck.

52. As a result, Defendants failed to pay the applicable minimum wage to Plaintiff.

53. Defendants' practice of willfully and improperly deducting amounts from Plaintiff's paycheck violated the FLSA, 29 U.S.C. § 206(a).

54. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Keith Hebert, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:
   i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;
   ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;
B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;
C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;
D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56. Defendants willfully and improperly deducted amounts from Plaintiff's paycheck.

57. As a result, Defendants failed to pay the applicable minimum wage to Plaintiff.

58. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the AMWA, A.R.S. § 23-363.

59. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Keith Hebert, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

    i. Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

    ii. Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 26th Day of March, 2020.

          BENDAU & BENDAU PLLC

          By: /s/ *Clifford P. Bendau, II*
          Clifford P. Bendau, II
          Christopher J. Bendau
          *Attorney for Plaintiff*